Max Rosenblatt, Appellant, Respondent, v. Surprise Building Company, Respondent, Appellant.

First Department, April 27, 1928.

Landlord and tenant — partial eviction — action by tenant for declaratory judgment — tenant seeks apportionment of rent based on diminution of use — vaults under sidewalk were constructed under revocable license from city of New York — city revoked license after commencement of term — defendant made no representations as to rights or privileges in vaults and plaintiff knew that they had been constructed under revocable license — description of property by metes and bounds did not include vaults — plaintiff not entitled to abatement of rent.

The plaintiff seeks a declaratory judgment as to his rights as tenant under a lease of a building on Eighth avenue in New York city. When the plaintiff took possession there were two vaults under the sidewalk which were used in connection with the building and which had been erected under a revocable license from the city of New York. After the plaintiff took possession the license was revoked because the space was required for subway purposes. The plaintiff knew that the vaults were built under a revocable license and the landlord made no representations as to its rights in the vaults, nor did it conceal the fact that the vaults were constructed under a revocable license, nor did the lease make any reference to the vaults. Therefore, the revocation of the license did not amount to a partial eviction or entitle the plaintiff to an apportionment of the rent.

Furthermore, the description of the property by metes and bounds, contained in the lease, did not include the vaults in question, and, therefore, the plaintiff never had possession thereof.

The plaintiff was chargeable at law with constructive notice that the city of New York could not grant more than a revocable license for the vaults.

Cross-appeals from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 27th day of June, 1927.

The plaintiff appeals from so much of the judgment as adjudges that plaintiff was charged with knowledge that defendant's license to vaults was revocable, that plaintiff was obliged to remove boilers, etc., from the vaults, and that plaintiff, not defendant, was obliged to install a new boiler, and sets the measure of plaintiff's right to abatement.

The defendant appeals from so much of said judgment as adjudges that defendant leased said vaults to plaintiff, that the covenant of quiet enjoyment was breached, that plaintiff is entitled to apportionment of rent and to damages for disturbances of quiet enjoyment.

*Herman Shulman* of counsel [*Benjamin Algase* with him on the brief; *Hays, Podell & Shulman,* attorneys], for the plaintiff.

*Adam K. Stricker* of counsel [*Abraham Benedict* with him on the brief], for the defendant.

McAvoy, J.   The declaratory judgment requested by plaintiff related to plaintiff's rights as a tenant under a lease providing for a net rental of the premises 529 Eighth avenue, Manhattan. Plaintiff also applied for an apportionment of rent because of the alleged partial eviction and for damages consequent thereon. The question arose because by reason of the construction of the Eighth avenue subway plaintiff lost the use of vault space in the basement and under the sidewalk on Eighth avenue, immediately adjoining the demised premises.   These vaults were constructed in 1905 and 1906, under revocable licenses from the city of New York when the building was erected.   One was a large vault twenty-seven feet long and extended out to the curb on Eighth avenue.   The other, a smaller vault, was about fifty-one feet long and extended out from the building line about five feet.   In the larger vault was a boiler pit with two large boilers.   It was four feet lower than the basement floor.   These boilers were used for heating the building, except that one of them had not been operated for about a year before June, 1926.   In the smaller vault there were water, gas and electric meters and piping.   A part of the vault was used for a coal bin.

In March, 1926, the city of New York revoked the license for these vaults, because the space was required for subway purposes, and directed that they be vacated.

The trial court found that, owing to the plaintiff's eviction by the breach of the covenant for peaceful enjoyment, the plaintiff was entitled to an abatement of rent to the extent of fifty dollars per year, beginning with September 1, 1926.

The proof evidences that plaintiff knew that the vaults were held under a revocable license, and since it was further found that defendants did not make any representations as to the rights or privileges concerning either of the vaults, nor concealed from the plaintiff that the vaults were held under such a license revocable by the city, and because the lease contains nothing about vaults, vault space or vault lights, there could not be any eviction entitling plaintiff to apportionment of rent or damages.

The property also was described by metes and bounds, which measurements did not include the vaults.   We think it was error for the court below to find that the vaults passed as a part of the demised premises.   This finding that the vault was part of the demised premises is the basis upon which the whole of plaintiff's case rests, and it is not justified by the factual situation.

It was improper, therefore, to allow an apportionment of rent for the diminution of the use by loss of these vaults which defendant held under a revocable license and of which plaintiff had notice.

Plaintiff was chargeable at law with constructive notice that the city of New York could not grant more than a revocable license for these vaults. The vaults were not leased, and the plaintiff knew that under the physical construction of the premises they were not an integral part of the building. They cannot thus be presumed to have been intended to be included within the lease. The tenant was an experienced real estate man and knew that the vaults extended out under the sidewalk. What the parties really intended was a demise of the property itself, with the right to the use of the vaults which the landlord had.

The judgment should, therefore, be affirmed so far as appealed from by the plaintiff, and so far as appealed from by the defendant should be reversed, with costs to defendant, and judgment directed as demanded by the defendant, with costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment so far as appealed from by plaintiff affirmed, with costs; and so far as appealed from by defendant reversed, and judgment directed as demanded by defendant, with costs. Settle order on notice. The findings inconsistent with this determination should be reversed and such new findings made of facts proved upon the trial as are necessary to sustain the judgment hereby awarded.